FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA  98 MAR 25  PH 12: 32
EASTERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOSEPHINE ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NUMBER |
| v. ) | |
| ) | CV-96-P-1423-E |
| NIMROD Q. REYNOLDS, et al., ) | |
| ) | |
| Defendants. ) | |

ENTERED

MAR 27 1998

Opinion

Defendants Dean Gambrell, Roderick J. Griggs and Gambrell & Associates' (collectively "Gambrell") Motion to Dismiss was considered at the court's August 29, 1997 motion docket. For the reasons stated in the accompanying opinion, Gambrell's motion is due to be GRANTED IN PART AND DENIED IN PART.

Statement of Facts[1]

The Community Action Agency of Calhoun, Cleburne and Cherokee Counties, Inc. ("CAA") created an employee benefit plan effective April 15, 1992. The plan was prepared by defendant Gambrell & Associates and was named the "C.A.A. Retirement Plan." The plan called for employees to contribute 5% of their gross pay and for CAA to contribute 7.5%. Dean Gambrell and Rodney J. Griggs, who were associated with Gambrell & Associates, met with a group of plaintiffs in April of 1992 to provide an introduction to the benefit plan. Applications

---

1. This recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiffs.



for life insurance policies through Alexander Hamilton Life Insurance Company ("Alexander Hamilton") were completed in connection with the CAA Retirement Plan. The CAA Retirement Plan is the owner and beneficiary of all of the insurance policies issued by Alexander Hamilton. The parties do not dispute that the CAA plan is a retirement plan covered under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Plaintiffs filed this putative class action on May 31, 1996, against numerous defendants, including Gambrell. Count I of the original complaint asserted a claim against Gambrell under the ERISA. Count II asserted a claim against Gambrell under the federal RICO statutes. Count III asserted state law claims for fraud against Gambrell.

After the court granted a motion to dismiss filed by defendant Alexander Hamilton on May 19, 1997, plaintiffs filed an amended complaint. That complaint adopts by reference plaintiffs' original claims under ERISA and RICO and amends Count III to assert claims for fraudulent inducement and fraudulent suppression under state law. As to Count III, as amended, plaintiffs seek "only common law/non-contractual damages" against Gambrell. Plaintiffs allegations against Gambrell center on Gambrell's meetings with plaintiffs concerning the formulation of the CAA Retirement Plan. Specifically, plaintiffs allege that Gambrell fraudulently induced plaintiffs to "invest" 24.9% of their total 401(k) contributions into individual life insurance policies and then fraudulently suppressed the material facts surrounding that investment, all to plaintiffs' detriment.

## Analysis

### I. Plaintiffs' Claims Under ERISA and RICO

Although Gambrell's motion asks this court to dismiss plaintiffs' claims under ERISA and RICO, Gambrell's brief in support of its motion addresses only ERISA preemption of plaintiffs'

2

state law claims. Accordingly, Gambrell's motion to dismiss Counts I and II of plaintiffs' amended complaint is due to be DENIED at this time.[2]

## II. ERISA Preemption of State Law Claims

ERISA preempts any and all state laws "insofar as they . . . relate to" an ERISA plan. 29 U.S.C. § 1144(a). A state law "relates to" a covered employee benefit plan "if it has connection with or reference to such a plan." District of Columbia v. Greater Washington Bd. of Trade, 506 U.S. 125, 129 (1992). Claims that have "a nexus with the ERISA plan and its benefits system" are preempted. *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995).

Notwithstanding the broad scope of ERISA preemption addressed above, beneficiaries of an ERISA retirement plan are not entirely precluded from bringing state law claims against the insurance agents and agency that solicited membership in an ERISA plan prior to its creation. "[W]hen a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA." *Morstein v. National Ins. Servs, Inc.*, 93 F.3d 715, 722 (11th Cir. 1996). Conversely, "where the state law claim brought against a non-ERISA entity affects the relationship between the ERISA entities, the state law claims is preempted. *The proper focus is not on the relationship between the parties but on the relationship between the conduct and the refusal to pay benefits."* Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 188 (11th Cir. 1997) (emphasis added).

Here, plaintiffs claim that Gambrell acted fraudulently in facilitating the CAA Retirement

---

2. Gambrell may, of course, file a new motion to dismiss plaintiffs' ERISA and RICO claims, providing appropriate support for Gambrell's arguments.

Plan's purchase of life insurance policies on behalf of plan members. The CAA Retirement Plan, an ERISA entity, is both the owner and the beneficiary of the life insurance policies that form the basis of plaintiffs' claims against Gambrell. As in *Garren*, plaintiffs' allegations relate primarily to the Plan's purchase of insurance policies and the specific terms of those policies. This court concludes that plaintiffs' state law claims have a direct impact on the CAA Retirement Plan, an ERISA entity, and are thus preempted by ERISA. Gambrell's motion to dismiss plaintiffs' state law claims is due to be GRANTED.

Dated: March 25, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Thomas Semmes
    Ms. Sara C. Semmes
    Mr. Ronald O. Gaiser, Jr.
    Mr. Donald V. Watkins
    Mr. John M. Johnson
    Mr. John Q. Somerville
    Mr. Joseph Allen Schreiber
    Mr. T.J. Skinner, IV
    Mr. Cleophus Thomas, Jr.
    Ms. P. Camille Lamar
    Ms. Laura C. Nettles
    Mr. Richard P. Rouco