IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JOSEPHINE ALLEN, et al., )
)
    Plaintiffs, )
) CIVIL ACTION NUMBER
v. )
) CV-96-P-1423-E
NIMROD Q. REYNOLDS, et al., )
)
    Defendants. )

### Opinion

Defendant Alexander Hamilton Life Insurance Company's ("Alexander Hamilton") Motion to Dismiss was considered at the court's August 29, 1997 motion docket. For the reasons stated below, Alexander Hamilton's motion is due to be GRANTED.

### Statement of Facts[1]

The Community Action Agency of Calhoun, Cleburne and Cherokee Counties, Inc. ("CAA") created an employee benefit plan effective April 15, 1992. The plan was prepared by defendant Gambrell & Associates and was named the "C.A.A. Retirement Plan." The plan called for employees to contribute 5% of their gross pay and for CAA to contribute 7.5%. Dean Gambrell and Rodney J. Griggs, who were associated with Gambrell & Associates, met with a group of plaintiffs in April of 1992 to provide an introduction to the benefit plan. Applications for Alexander Hamilton insurance policies were completed in connection with the CAA

---

1. This recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiffs.



Retirement Plan. The CAA Retirement Plan is the owner and beneficiary of all of the insurance policies issued by Alexander Hamilton. The parties do not dispute that the CAA plan is a retirement plan covered under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Plaintiffs filed this putative class action on May 31, 1996, against numerous defendants, including Alexander Hamilton. Count I of the original complaint asserted a claim against Alexander Hamilton under the ERISA. Count II asserted a claim against Alexander Hamilton under the federal RICO statutes. Count III asserted state law claims for fraud against Alexander Hamilton.

This court granted Alexander Hamilton's first motion to dismiss plaintiffs' complaint on May 19, 1997, allowing plaintiffs the opportunity to "amend their complaint within 20 days to state any causes of action against Alexander Hamilton with greater specificity." Plaintiffs filed an amended complaint on June 6, 1997. Although the amended complaint asserts three counts against Alexander Hamilton, plaintiffs simply adopt by reference the ERISA and RICO claims asserted in Counts I and II of their original complaint. Plaintiffs amend Count III to assert claims for fraud in the inducement and fraudulent suppression against Alexander Hamilton. In Count III, as amended, plaintiffs seek "only common law/non-contractual damages" against Alexander Hamilton. Plaintiffs allege that Alexander Hamilton is liable "by reason of [its] knowledge, participation and ratification of the actions of Gambrell and Griggs, and vicariously responsible under the doctrines of respondent [sic] superior and other doctrines."

2

<u>Analysis</u>

I. Plaintiffs' Claims Under ERISA and RICO

Plaintiffs' original claims under ERISA and RICO were dismissed by this court in May 1997 for failing to state a claim upon which relief could be granted. Because plaintiffs have chosen to adopt the ERISA and RICO allegations contained in their original complaint by reference, without providing the court with any additional bases for plaintiffs' claims under those statutes, Courts I and II of plaintiffs' amended complaint are due to be dismissed as against Alexander Hamilton.

II. ERISA Preemption of State Law Claims

ERISA preempts any and all state laws "insofar as they . . . relate to" an ERISA plan. 29 U.S.C. § 1144(a). A state law "relates to" a covered employee benefit plan "if it has connection with or reference to such a plan." *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 129 (1992). Claims that have "a nexus with the ERISA plan and its benefits system" are preempted. *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995).

The Eleventh Circuit has determined that state law claims brought by beneficiaries of an ERISA plan against the insurance company that provided policies under the plan are preempted by ERISA. *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186 (11th Cir. 1997). In *Garren*, the plaintiff argued that, if the insurer is neither a party to the ERISA agreement nor the plan administrator, then ERISA preemption does not apply. The Eleventh Circuit, however, affirmed dismissal based upon ERISA preemption, finding that the state law claim brought against the insurer "affect[ed] the relationship between the ERISA entities." *Id.* at 188.

Here, plaintiffs claim that Alexander Hamilton's sale of life insurance policies in connection with the establishment of the CAA Retirement Plan was fraudulent. The CAA Retirement Plan, an ERISA entity, is both the owner and the beneficiary of the life insurance policies that form the basis of plaintiffs' claims against Alexander Hamilton. The court concludes that plaintiffs' state law claims have a direct impact on an ERISA entity and are thus preempted by ERISA. Alexander Hamilton's motion to dismiss plaintiffs' state law claims is due to be GRANTED.

Dated: March 25, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Thomas Semmes
    Ms. Sara C. Semmes
    Mr. Ronald O. Gaiser, Jr.
    Mr. Donald V. Watkins
    Mr. John M. Johnson
    Mr. John Q. Somerville
    Mr. Joseph Allen Schreiber
    Mr. T.J. Skinner, IV
    Mr. Cleophus Thomas, Jr.
    Ms. P. Camille Lamar
    Ms. Laura C. Nettles
    Mr. Richard P. Rouco