FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

98 NOV 23 PM 2:08

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOSEPHINE ALLEN, et al., | ) |
| Plaintiffs, | ) CV-96-P-1423-S |
| -vs.- | ) |
| NIMROD REYNOLDS, et al., | ) |
| Defendants. | ) |

ENTERED

NOV 23 1998

## MEMORANDUM OPINION

Before the court is a Renewed Motion to Dismiss by defendants Dean Gambrell, Gambrell & Associates, and Roderick J. Griggs (hereinafter referred to as "Gambrell and Griggs"), filed on April 16, 1998. The motion was taken under submission as of May 29, 1998. The defendants assert that the plaintiffs have failed to state a claim upon which relief can be granted in either their Complaint or Amended Complaints with relation to the RICO and ERISA claims.[1] For the reasons expressed below, Gambrell and Griggs's motion is due to be GRANTED.

### Facts[2]

The Community Action Agency of Calhoun, Cleburne and Cherokee Counties, Inc.

---

[1]This court dismissed the plaintiffs' state law claims against Gambrell and Griggs on the basis of ERISA preemption in an Order dated March 27, 1997. Although the defendants' prior motion sought to dismiss all of the plaintiffs' claims against the defendants Gambrell and Griggs, the defendants' brief in support of their motion addressed only the issue of ERISA preemption of state law claims. Accordingly, the court denied Gambrell and Griggs's motion to dismiss as to the RICO and ERISA claims, with leave to file a new motion to dismiss to address these two claims and submit more appropriate support.

[2]The facts are presented in the light most favorable to the non-moving party.

("CAA") created an employee benefit plan effective April 15, 1992. The plan was prepared by defendant Gambrell & Associates and was named the "CAA Retirement Plan." The plan called for employees to contribute 5% of their gross pay and for CAA to contribute 7.5%. Dean Gambrell and Rodney J. Griggs, who were associated with Gambrell & Associates, met with a group of plaintiffs in April of 1992 to provide an introduction to the benefit plan. Applications for the life insurance policies through Alexander Hamilton Life Insurance Company ("Alexander Hamilton") were completed in connection with the CAA Retirement Plan. The CAA Retirement Plan is the owner and beneficiary of all of the insurance policies issued by Alexander Hamilton. The parties do not dispute that the CAA plan is a retirement plan covered under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Plaintiffs filed this putative class action on May 31, 1996, against numerous defendants, including Gambrell. Count I of the original complaint asserted a claim against Gambrell under ERISA. Count II asserted a claim against Gambrell under the federal RICO statutes. Count III asserted state law claims for fraud against Gambrell.[3]

After the court granted a motion to dismiss filed by Alexander Hamilton on May 19, 1997, plaintiffs filed an amended complaint. The amended complaint adopted by reference plaintiffs' original claims under ERISA and RICO and amended the plaintiffs' state law claims to include fraudulent inducement and fraudulent suppression. The plaintiffs' allegations against Gambrell and Griggs center on Gambrell's meetings with the plaintiffs concerning the formulation of the CAA Retirement Plan.

---

[3] The state law claims have since been dismissed against Gambrell and Griggs.

2

## Analysis

I. Plaintiffs' Claims under RICO

The thrust of Gambrell and Griggs' motion to dismiss is that the plaintiffs' complaint and amended complaint fail to allege a "pattern of racketeering activity" as required under the statute. 18 U.S.C. § 1961(5). The defendants further assert that violation of a fiduciary duty is not a racketeering activity and that the plaintiffs' complaint lacks adequate specificity to properly state a RICO claim.

To state a claim under the civil RICO statute, a plaintiff must allege each of four elements: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. See Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496-97 (1985). The plaintiff must allege each of these elements in order to state a claim, and if he fails to adequately plead any one of them, his RICO claim must be dismissed. See id. However, what "adequate pleading" means with regard to a RICO complaint has spurned numerous appellate court decisions and has resulted in a somewhat liberal interpretation of the pleading requirements under the statute.

The threshold that a complaint must meet to sustain a claim under RICO is relatively low. This low threshold, in addition to the liberal rules of notice pleading in the federal courts, weighs heavily in favor of the plaintiff when faced with a defendant's motion to dismiss under Rule 12(b)(6). However, when a complaint alleges "fraud or mistake" with regard to the RICO claim, Rule 9(b) still requires the plaintiff to plead with particularity. Because many RICO complaints, including the one in the instant case, allege mail or wire fraud as the underlying predicate offenses, the "fraud" component is subject to attack under the particularity requirement of Rule 9(b). Therefore, while the general rule of liberal pleading is a valuable defense for the plaintiff, the

3

complaint may still be subject to attack if the racketeering activity alleged in the complaint involves fraud.

The RICO statute does not actually define "racketeering activity," but rather merely refers to statutes that prohibit certain activities which are not only crimes in and of themselves, but which under RICO also serve a dual purpose of being classified as "racketeering acts". See 18 U.S.C. § 1961(1). For example, the federal crime of mail fraud under 18 U.S.C. § 1341 is a "racketeering act" included in RICO's definition of "racketeering activity." In addition to merely proving the existence of racketeering acts, a RICO plaintiff must further prove that there is a "pattern of racketeering activity" which requires "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within 10 years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." Id. Therefore, if a plaintiff brings a RICO claim in which mail fraud constitutes the predicate offenses, the plaintiff must not only plead *with particularity* the facts concerning the underlying offenses for mail fraud, but he must also establish that there is a pattern of racketeering activity relating to the alleged claims for mail fraud.

In the present case, the plaintiffs have not plead with adequate specificity the racketeering activities of mail fraud. Even after filing several amendments to their complaint, the plaintiffs have not plead particular facts with regard to the mail fraud allegations that would enable the plaintiffs to avoid dismissal on a Rule 12(b)(6) motion. Because the plaintiffs have been given numerous opportunities to amend and/or clarify the allegations surrounding their RICO claim, but have not done so, the court finds that the plaintiffs' claim under the civil RICO provision is due to be DISMISSED WITH PREJUDICE as to defendants Gambrell and Griggs.

4

II. Plaintiffs' Claims under ERISA

Gambrell and Griggs next move to dismiss the plaintiffs' ERISA claims against them on the basis that the plaintiffs have failed to set forth a claim for one of the specific causes of action allowed under that statute. Specifically, Gambrell and Griggs assert that they "are not alleged to be, nor have been 'fiduciaries' under the statute because they did not have any 'discretionary authority or discretionary responsibility in the administration of such plan.'" The plaintiffs assert that Gambrell and Griggs had sufficient authority and control over the management, administration, and disposition of the assets of the plan to render them liable under ERISA as a fiduciary.

In order to defeat Gambrell and Griggs's motion to dismiss, the plaintiffs' complaint must include a short, plain statement of the claim showing that the plaintiffs are entitled to relief. Although courts apply this rule liberally, where the complaint fails to provide such a statement and it is clear that there is no viable claim upon which relief can be granted, the motion to dismiss should be granted. In the instant case, the plaintiffs' ERISA claim against Gambrell and Griggs fails to survive the 12(b)(6) motion.

The main dispute under the ERISA claim against Gambrell and Griggs centers on the issue of control. The plaintiffs argue that the two insurance agents exercised discretionary authority or control over the management, disposition or administration of the retirement plan. However, as Gambrell and Griggs correctly point out, none of the plaintiffs' pleadings adequately allege that these two insurance agents were anything more than just that - agents. The plaintiffs' attempts to now argue that the terms "agents" and "fiduciaries" are somehow synonymous with regard to ERISA is flawed. The plaintiffs' complaint merely asserts claims against Gambrell and Griggs for

5

allegedly making misrepresentations to the plaintiffs during a meeting in 1992.[4] The plaintiffs describe Gambrell and Griggs as "life insurance brokers/agents for the CAA Retirement Plan" and have not stated any facts supporting their allegation that the two insurance agents were fiduciaries of the plan. As a result, the motion to dismiss the ERISA claims against Gambrell and Griggs is due to be GRANTED WITH PREJUDICE.

## Conclusion

The plaintiffs' complaint fails to state a claim upon which relief can be granted with regard to the RICO and ERISA claims against defendants Gambrell and Griggs. Therefore, Gambrell and Griggs's motion to dismiss is due to be GRANTED WITH PREJUDICE.

Dated: _____Nov. 23_____, 1998.

_____
Chief Judge Sam C. Pointer, Jr.

---

[4] As mentioned earlier, the court dismissed the state law claims for fraud against these two defendants in the March 27, 1998 Order.